UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **PRINCESS MYERS** | * | **CIVIL ACTION** |
| **V.** | * | **NO. 24-1988 "B" (1)** |
| | * | **JUDGE IVAN L.R. LEMELLE** |
| **THE UNITED STATES POSTAL SERVICE, LOUIS DEJOY, POSTMASTER GENERAL** | * | **MAG JANIS VAN MEERVELD** |

* * * * *

**FEDERAL DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

**COMES NOW**, Louis DeJoy, United States Postmaster General (hereinafter "the Postmaster General" or "Federal Defendant"), through the undersigned Assistant United States Attorney, who in answer to Plaintiff's Complaint in the above-captioned action avers as follows:

AFFIRMATIVE DEFENSES

1) The Court lacks jurisdiction over all or at least part of the subject matter of the complaint, including, *inter alia*, those portions that (a) concern actions which are time barred, (b) have not undergone requisite administrative exhaustion, (c) seek relief under theories other than federal sector Title VII, 42 U.S.C. § 2000e-16 (hereinafter "Title VII"), or (d) assert bases of discrimination different than those exhausted in Plaintiff's administrative claim.

2) The complaint fails to state a claim upon which relief may be granted for those matters which are time barred, which are premature, or for which there is insufficient proof of disparate treatment based on Plaintiff's gender, retaliation, or purported disability, or for which there is insufficient evidence of severe or pervasive conditions incident to a claim of hostile environment.

1

3) Plaintiff cannot establish that Federal Defendant's legitimate, non-discriminatory reason for each challenged action is a pretext for discrimination.

4) Plaintiff has failed to mitigate her alleged damages.

5) Plaintiff unreasonably failed to take advantage of preventive and/or corrective opportunities provided by the Federal Defendant relative to any of the harassing behavior alleged in the complaint. Alternatively, Federal Defendant exercised reasonable care to prevent and promptly correct any of the harassing behavior alleged in the complaint.

6) The actions of the Secretary were based upon legitimate business reasons, lawful principles of personnel management, and legitimate managerial need.

7) The actions of the Secretary were based upon legitimate, non-discriminatory reasons, which were not a pretext for illegal animus.

8) Plaintiff's purported damages, if any, are limited by statute.

9) Federal Defendant's actions were not the proximate cause of any alleged injuries or damages asserted by Plaintiff.

10) The Secretary is not liable for prejudgment interest (title 28, United States Code, section 2674); post-judgment interest, except as permitted by federal law [28 U.S.C. § 1961 and 31 U.S.C. § 1304 (b)]; or punitive damages [28 U.S.C. § 2674, and 42 U.S.C. § 1981a(b)(1)]

11) Federal Defendant preserves all other defenses not now known, which he now has or may come to have.

SPECIFIC ANSWER

And now further answering the specific allegations of the above-captioned complaint, the Secretary avers as follows:

12) The allegations set forth in paragraphs 1 and 2 of the complaint filed herein are

admitted.

13)  The allegations set forth in paragraphs 3, 4, 5, 6 and 7 of the complaint filed herein are denied.

14)  The allegations set forth in paragraphs 8, 9, 10, 11 and 12 of said complaint are denied for lack of sufficient information upon which to formulate a belief as to Plaintiff's state of mind, belief or knowledge as alleged therein.

15)  The allegations set forth in paragraph 13 are denied.

16)  The allegations set forth in paragraph 14 of said complaint are admitted only insofar as Plaintiff was tardy for work on July 12, 2023. The balance of the allegations in said paragraph are denied for lack of sufficient information to form a belief as to why Plaintiff was late for work that date.

17)  The allegations set forth in paragraph 15 of said complaint are denied as alleged.

18)  The allegations set forth in paragraph 16 of said complaint are admitted only insofar as Plaintiff stopped the equipment she had commandeered from a less senior employee. The balance of the allegations in said paragraph, as well as in paragraph 17 are denied for lack of sufficient information upon which to form a belief.

19)  The allegations set forth in paragraph 18 of said complaint are denied as alleged.

20)  The allegations set forth in paragraph 19 of said complaint are denied.

21)  The allegations set forth in paragraph 20 of said complaint are admitted only insofar as Plaintiff was sent home prior to the end of the shift. The balance of the allegations in said paragraph are denied.

22)  The allegations set forth in paragraph 21 of said complaint are denied.

23)  The allegations set forth in paragraphs 22 and 23 of said complaint comprise a

summary of the legal purpose of the lawsuit to which an answer is not necessary, but to the extent they may be construed as asserting that Federal Defendant transgressed Plaintiff's Civil Rights they are denied.

24) The allegations contained in paragraph 24 of said complaint constitute averments of jurisdiction and venue, i.e., legal argument, not allegations of fact, to which a response is not required. To the extent a response is deemed necessary, Defendant denies all bases of subject matter jurisdiction other than the federal sector portion of Title VII, 42 U.S.C. §2000e-16.

25) The allegations set forth in paragraph 25 of said complaint regarding venue are admitted.

26) The allegations set forth in paragraph 26 of said complaint are denied insofar as they allege Plaintiff has properly exhausted the requisite administrative remedy for all the claims asserted in the complaint. The balance of the allegations is said complaint are admitted.

27) The allegation set forth in paragraph 27 of said complaint is admitted.

28) The allegations set forth in paragraph 28 of said complaint are denied only insofar as they allege Plaintiff experienced sexual harassment, discrimination and retaliation. The balance of the allegations is said complaint are admitted.

29) The allegations set forth in paragraphs 29, 30, 31, 32 and 33 of said complaint are admitted. Federal Defendant further denies the unnumbered heading immediately preceding paragraph 30.

30) The allegations set forth in paragraphs 34, 35, 36, 37 and 38 of said complaint are denied for lack of sufficient information upon which to formulate a belief.

31) The allegations set forth in paragraph 39 of said complaint are admitted only insofar

as Mr. Anderson having passed away in May of 2022. The balance of the allegations in said paragraph are denied for lack of sufficient information upon which to formulate a belief.

32) The allegations set forth in paragraph 40 of said complaint are denied for lack of sufficient information upon which to formulate a belief.

33) The allegations set forth in paragraphs 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53 and 54 of said complaint are denied.

34) The allegations contained in paragraph 55 of said complaint are denied insofar as they allege Mr. Phillips retroactively changed Plaintiff's timesheet. The balance of the allegations in said paragraph as well as those set forth in paragraphs 56 and 57 are denied for lack of sufficient information upon which to formulate a belief.

35) The allegation contained in paragraph 58 of said complaint is denied.

36) The allegations contained in paragraphs 59 and 60 of said complaint are denied for lack of sufficient information upon which to formulate a belief.

37) The allegations set forth in paragraphs 61, 62, 63, 64, 65, 66, 67, 68, and 69 of said complaint are denied.

38) The allegations set forth in paragraph 70 of said complaint, as well as the unnumbered heading immediately preceding said paragraph, are denied.

39) The allegations set forth in paragraphs 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81 and 82 of said complaint are denied.

40) The allegations contained in paragraphs 83 and 84 of said complaint are denied for lack of sufficient information upon which to formulate a belief.

41) The allegations contained in paragraph 85 of said complaint are denied.

42) The allegations contained in paragraph 86 of said complaint are admitted only

insofar as Plaintiff returned to work on November 4, 2022. The balance of the allegations in said complaint are denied for lack of sufficient information upon which to formulate a belief.

43) The allegation contained in paragraph 87 of said complaint is admitted. Federal Defendant further avers that all Postal employees in Plaintiff's circumstance are required to provide management with appropriate documentation upon returning to work after an extended absence.

44) The allegations contained in paragraphs 88, 89, 90, 91 and 92 of said complaint are denied.

45) The allegations contained in paragraphs 93, 94, 95, 96, 97 and 98 of said complaint are derived from assertions made in an unsworn telephonic statement as transcribed by another individual and are, therefore, denied for lack of sufficient information to formulate a belief.

46) The allegation contained in paragraph 99 of said complaint allege what Plaintiff construed from someone else's purported statement, and as such, are denied for lack of sufficient information upon which to formulate a belief as to Plaintiff's state of mind, belief or knowledge as alleged therein.

47) The allegation contained in paragraph 100 of said complaint is denied for lack of sufficient information upon which to formulate a belief as to what Plaintiff purportedly told Mr. Sterling.

48) The allegations contained in paragraphs 101, 102, 103, 104, 105, 106, 107, 108 and 109 of said complaint are denied.

49) The allegations contained in paragraphs 110, 111, 112, and 113 of said complaint concerning a statement Plaintiff purportedly provided to Ms. Althea are denied for lack of sufficient information upon which to formulate a belief as to the contents of said statement.

Federal Defendant further denies the veracity of the substance of the assertions as represented in said paragraphs.

50) The allegations contained in paragraphs 114 and 116 of said complaint are denied.

51) The allegations contained in paragraphs 115, 117 and 118 of said complaint are denied for lack of sufficient information upon which to formulate a belief.

52) With regard to the allegations set forth in paragraph 119 of said complaint, Federal Defendant admits that Mr. Phillips called Plaintiff by her name but denies any causal connection to Plaintiff's purported May 5th statement. Federal Defendant further denies the unnumbered heading immediately preceding said paragraph.

53) The allegations contained in paragraphs 120 and 121 of said complaint are denied.

54) The allegations contained in paragraphs 122 and 123 of said complaint are denied for lack of sufficient information upon which to formulate a belief.

55) The allegations contained in paragraph 124 of said complaint are admitted insofar as Plaintiff reported to work after her shift began on July 13, 2023. The balance of said paragraph is denied for lack of sufficient information to form a belief.

56) The allegations contained in paragraph 125 of said complaint are admitted.

57) The allegations contained in paragraph 126 of said complaint are denied. Defendant further avers that the collective bargaining agreement itself is the best evidence as to its contents.

58) The allegations contained in paragraph 127 of said complaint are admitted insofar as Plaintiff replaced the individual operating the equipment in question. The balance of the allegations in said paragraph are denied for lack of sufficient information to form a belief.

59) The allegations contained in paragraph 128 of said complaint are admitted insofar

as Plaintiff operated the sleigh after being tardy for work. The balance of the allegations in said paragraph are denied for lack of sufficient information to form a belief.

60) The allegations contained in paragraphs 129 and 130 of said complaint are admitted insofar as Mr. Phillips and Ms. Walker discussed the reason the original operator of the sleigh had been removed from the equipment. The balance of the allegations in said paragraphs are denied for lack of sufficient information to form a belief.

61) With regard to the allegations set forth in paragraphs 131 and 132 of said complaint, Federal Defendant admits that Mr. Phillips instructed Ms. Walker to take Plaintiff off the sleigh and return it to the individual who had previously been operating it and that this directive was carried out. The balance of the allegations in said paragraphs are denied.

62) The allegations contained in paragraphs 133 and 140 of said complaint are admitted insofar as Plaintiff went to Ms. Montrell. The balance of said paragraph regarding what was discussed is denied for lack of sufficient information to form a belief.

63) The allegations contained in paragraphs 134 and 135 of said complaint are denied.

64) The allegations contained in paragraphs 136 and 137 of said complaint are denied for lack of sufficient information upon which to form a belief.

65) The allegations contained in paragraphs 138 and 139 of said complaint are denied.

66) The allegations contained in paragraph 141 of said complaint are admitted with the exception that Mr. Phillips was yelling.

67) The allegations contained in paragraph 142 of said complaint are admitted with the further averment that Plaintiff threatened and yelled profanity at Mr. Phillips.

68) The allegations contained in paragraphs 143, 144, 145 (and its sub-paragraphs), 146, 147 and 148 of said complaint are denied.

69) The allegations contained in paragraph 149 of said complaint are admitted insofar as Plaintiff was placed in an unpaid Emergency Placement status after she threatened and yelled profanity at Mr. Phillips. The balance of the allegations in said paragraph are denied.

70) The allegations contained in paragraph 150 of said complaint are denied.

71) The allegations contained in paragraph 151 of said complaint are denied insofar as they allege the subject EEO complaint was lodged timely. The balance of said paragraph is admitted.

72) The allegations in paragraph 152 of said complaint are admitted only insofar as they alleged Plaintiff filed a grievance related to the events of July 14, 2023. The balance of said paragraph is denied.

73) The allegations in paragraph 153 of said complaint are admitted only insofar as they Plaintiff was put in a paid administrative leave status on August 28, 2023. The balance of said paragraph is denied.

74) The allegations contained in paragraphs 154 and 155 of said complaint are denied.

75) The allegation contained in paragraph 156 of said complaint is admitted.

76) The allegations in paragraph 157 of said complaint are admitted only insofar as Plaintiff was interviewed by the assigned EEO Dispute Resolution Specialist with the further averment that said interview occurred on August 9, 2023, not August 2, 2023 as alleged. The balance of the allegations in said paragraph are denied.

77) The allegations contained in paragraphs 158, 159 and 160 of said complaint are denied for lack of sufficient information to form a belief.

78) The allegations contained in paragraphs 161, 162, 163 and 164 of said complaint are denied.

79) The allegations contained in paragraph 165 of said complaint concerning Plaintiff's workplace misconduct on July 13, 2023, are admitted.

80) The allegations contained in paragraph 166 of said complaint are admitted.

81) The allegations contained in paragraph 167 of said complaint are denied.

82) The allegations contained in paragraph 168 of said complaint are denied. Defendant further avers that the letter itself is the best evidence as to its contents.

83) The allegations contained in paragraph 169 of said complaint are denied insofar as they allege the subject EEO complaint was lodged timely. The balance of said paragraph is admitted.

84) The allegations set forth in paragraph 170 of said complaint are denied for lack of sufficient information as to what Plaintiff is "aware of." Federal Defendant further denies the unnumbered heading immediately preceding said paragraph.

85) The allegations set forth in paragraph 171 of said complaint are denied for lack of sufficient information upon which to form a belief.

86) The allegations contained in paragraph 172 of said complaint are admitted.

87) The allegations set forth in paragraph 173 of said complaint are denied for lack of sufficient information as to what Plaintiff "was informed."

88) The allegations contained in paragraphs 174, 175, and 176 of said complaint are denied.

89) The allegations contained in paragraph 177 of said complaint are denied insofar as multiple employees provided statements in the EEO and OIG investigation into Plaintiff's allegations, with the further averment that some of the statements are unsworn and/or are non-verbatim transcriptions of telephone interviews conducted by an investigator.

90) The allegations contained in paragraphs 178 and 180 of said complaint are admitted.

91) The allegations contained in paragraph 179 of said complaint are denied.

92) The allegations contained in paragraph 181 of said complaint are admitted only insofar as the Report of Investigation contains an unsworn declaration from Ms. Griffin. Defendant avers, however, that the unsworn declaration itself is the best evidence as to its contents. Defendant further denies the substance of the allegations in Ms. Griffin's declaration.

93) The allegations contained in paragraph 182 of said complaint are admitted.

94) The allegations contained in paragraph 183 of said complaint are admitted only insofar as the OIG Report contains a sworn statement from Mr. Jones. Defendant avers, however, that the sworn statement itself is the best evidence as to its contents. Defendant further denies the substance of the allegations in Mr. Jones' affidavit.

95) The allegations contained in paragraph 184 of said complaint are admitted.

96) The allegations contained in paragraphs 185 and 186 of said complaint are admitted only insofar as the OIG Report contains a sworn statement from Ms. Montrell. Defendant avers, however, that the sworn statement itself is the best evidence as to its contents. Defendant further denies the substance of the allegations in Ms. Montrell's sworn statement.

97) The allegations contained in paragraph 187 of said complaint are admitted.

98) The allegations contained in paragraphs 188, 189, 190 and 191 of said complaint are admitted only insofar as the OIG Report contains a memorandum of interview of Ms. Jessie. Defendant avers, however, that the memorandum itself is the best evidence as to its contents. Defendant further denies the substance of the allegations in said memorandum.

99) The allegations contained in paragraph 192 of said complaint are admitted.

100) The allegations contained in paragraphs 193 and 194 of said complaint are admitted only insofar as the OIG Report contains a memorandum of interview of Mr. Sterling. Defendant avers, however, that the memorandum itself is the best evidence as to its contents. Defendant further denies the substance of the allegations in said memorandum.

101) The allegations contained in paragraph 195 of said complaint are admitted.

102) The allegations contained in paragraphs 196, 197 and 198 of said complaint are admitted only insofar as the OIG Report contains a memorandum of interview of Ms. Van Norman. Defendant avers, however, that the memorandum itself is the best evidence as to its contents. Defendant further denies the substance of the allegations in said memorandum.

103) The allegations contained in paragraph 199 of said complaint are denied.

104) The allegations contained in paragraph 200 of said complaint are admitted.

105) The allegations contained in paragraphs 201, 202, 203 and 204 of said complaint are admitted only insofar as the OIG Report contains a memorandum of interview of Ms. Cutno. Defendant avers, however, that the memorandum itself is the best evidence as to its contents. Defendant further denies the substance of the allegations in said memorandum.

106) The allegations contained in paragraph 205 of said complaint are denied.

107) The allegations contained in paragraph 206 of said complaint are admitted.

108) The allegations contained in paragraph 207 of said complaint are admitted only insofar as the Report of Investigation contains an unsworn declaration from Ms. Walker. Defendant avers, however, that the unsworn declaration itself is the best evidence as to its contents. Defendant further denies the substance of the allegations in Ms. Walker's declaration.

109) The allegations set forth in paragraph 208 of said complaint are denied. Federal

Defendant further denies the unnumbered heading immediately preceding said paragraph.

110) The allegations contained in paragraphs 209, 210, 211, 212, 213, 214, 215, 216, 217, 218, 219, 220, 221, 222, and 223 of said complaint are denied for lack of sufficient information upon which to formulate a belief.

111) The allegations contained in paragraph 224 of said complaint are denied.

112) With respect to the allegations encompassed by paragraph 225 under "Count One" of said complaint, Federal Defendant re-avers each of the above responses as if copied *in extenso*.

113) The allegations set forth in paragraphs 226, 227, 228, 229, 230, 231, 232, 233, 234, 235 and 236 of said complaint comprise assertions of law not fact to which an answer is not necessary, but to the extent they may be construed as asserting that Federal Defendant transgressed Plaintiff's Civil Rights they are denied.

114) The allegations contained in paragraphs 237, 238, 239, 240, 241, 242, 243, 244 and 245 of said complaint are denied.

115) The allegation contained in paragraph 246 of said complaint is admitted.

116) The allegations contained in paragraphs 247, 248, 249, 250, 251, 252 and 253 of said complaint are denied.

117) With respect to the allegations encompassed by paragraph 254 under "Count Two" of said complaint, Federal Defendant re-avers each of the above responses as if copied *in extenso*.

118) The allegations set forth in paragraphs 255 and 256 of said complaint comprise assertions of law not fact to which an answer is not necessary, but to the extent they may be construed as asserting that Federal Defendant transgressed Plaintiff's Civil Rights they are

denied.

119) The allegations contained in paragraphs 257, 258, 259, 260, 261, 262, 263, 264 and 265 of said complaint are denied.

120) The allegations contained in paragraph 266 and it sub-paragraphs, as well as paragraphs 267 and 268 of said complaint under the heading "Relief Requested" comprise an *ad damnum* to which no answer is necessary, however, to the extent one may be required, are denied.

121) The allegation contained in paragraph 269 under the heading, "Jury Demand" of said complaint comprises a demand for a jury trial to which a response is not necessary, but to the extent one may be required, is denied.

**WHEREFORE,** the Postmaster General respectfully prays that his answer be deemed good and sufficient, and, after due proceedings be had, that judgment be granted in his favor dismissing Plaintiff's complaint with prejudice, with Plaintiff to bear the costs of defending this litigation.

Respectfully submitted,

DUANE A. EVANS
UNITED STATES ATTORNEY

*/s/ Glenn Schreiber*
GLENN K. SCHREIBER
Assistant United States Attorney
U.S. Attorney's Office (E.D. La.)
650 Poydras Street, Suite 1600
New Orleans, Louisiana 70130
Telephone: (504) 680-3093
Telefax: (504) 589-3174
glenn.schreiber@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of December 2024, a copy of the foregoing **FEDERAL DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed electronically with the Clerk of Court using the CM/ECF system.

*/s/ Glenn Schreiber*
GLENN K. SCHREIBER
Assistant United States Attorney