**UNITED STATES POSTAL SERVICE®**

# EEO Investigation Report

NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO complaint file is RESTRICTED by both the Freedom of Information Act and the Privacy Act to: (1) the complainant (and his or her representative), and (2) government officials who must have access to the files to discharge their OFFICIAL duties. The file and its contents must be safeguarded. Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a (i) (1)).

| 1. Processing Office<br>National EEO Investigative Services Office | | 2. Case No.<br>1C-731-0359-23 | 3. Date Filed<br>October 19, 2023 |
|---|---|---|---|
| 4. Complainant Name<br>Princess Myers | | 5. Position Title<br>Full-Time Mail Handler Equipment Operator | |
| 6. Address of Complainant<br>521 Chalmette Street<br>Harvey LA 70058-4427 | | 7. Name of Complainant's Supervisor<br>Sharon Walker | |
| | | 8. Telephone No.<br>504-589-1426 | 9. Email Address<br>Sharon.d.walker@usps.gov |
| 10. Telephone No.<br>504-421-2566 | 11. Personal Email Address<br>Princessmyers2013@yahoo.com | 12. Preference Eligible (yes *or* no) no | 13. Mixed Case (yes *or* no)<br>no |
| 14. Complainant's Postal Facility<br>New Orleans LA P&DC<br>701 Loyola Avenue<br>New Orleans LA 70113-9998 | | 15. Responding Postal Facility<br>North Houston TX P&DC<br>New Orleans LA P&DC | |
| 16. Responding Postal Manager's Name<br>Shequel Clark<br>Valtreana Griffin<br>Sharon D. Walker | | 19. Responding Postal Manager's Address<br>4600 Aldine Bender Road  North Houston TX  77032-9998<br>RETIRED<br>701 Loyola Avenue  New Orleans LA  70113-9998 | |
| 17. Telephone No.<br>713-226-3801<br>retired<br>504-589-1426 | 18. Email Address<br>Shequel.clark@usps.gov<br>retired<br>Sharon.d.walker@usps.gov | | |

## Type of Complaint

| 20. Race<br>N/A | 21. Color<br>N/A | 22. Religion<br>N/A | 23. Sex<br>Female | 24. National Origin<br>N/A | 25. Age *(Date of Birth)*<br>N/A |
|---|---|---|---|---|---|
| 26. Physical Disability<br>N/A | | | 27. Mental Disability<br>Anxiety | | |
| 28. Retaliation Based on Previous Activity *(Cited Dates and Case Nos.)*<br>Current EEO activity (Reporting sexual harassment) | | | 29. Genetic Information Nondiscrimination Act (GINA)<br>N/A | | |

30. Claim(s):

Complainant alleged discriminatory sexual harassment based on Sex (Female); Retaliation (Prior activity/reporting sexual harassment); and Mental Disability (Anxiety) when: (1) on an unspecified date, Manager Phillips blew a kiss at her in front of her co-workers; (2) on multiple unspecified dates, Manager Phillips asked her out on a date; (3) on November 23, 2022, Manager Phillips attempted to hug her; (4) on November 23, 2022, Manager Phillips called her a tall glass of water and gave her a tight hug; (5) in December 2022, Manager Phillips asked her to have his baby; (6) on July 13, 2023, she was required to give her tow motor equipment to another employee with less seniority; (7) on July 13, 2023, management made inappropriate comments; and (8) on July 13, 2023, she was sent home and not paid for the day.

Remedy requested:  Complainant requested that she receive back pay for July 13, 2023, as well as for the month and a half for which she has not been paid, that she be compensated for the days she missed work as a result of being sexually harassed, and that she be awarded compensation of an unspecified amount for her pain and suffering resulting from a year of sexual harassment.

| 31. Complainant's Representative Name<br>Troy Davis | 32. Title<br>Non-attorney representative | |
|---|---|---|
| 33. Address of Representative<br>PO Box 57597 (NEW)<br>New Orleans LA 70157-7597 | 34. Email Address of Representative (non-Postal email)<br>Tdav1983army@gmail.com (NEW) | |
| 35. Investigator's Name *(Print or Type)*<br>Therese Powers | 36. Office Telephone No.<br>912-657-2168 | 37. Email Address<br>Therese.powers@usps.gov |
| 38. Postal Address of Investigator<br>PO Box 30192<br>Savannah GA 31410-0192 | 39. Postal Address of Area Manager of EEO Compliance and Appeals<br>NEEOISO<br>PO Box 21979<br>Tampa FL 33622-1979 | |

PS Form **2430**, June 2011

Exhibit D

| 40. Investigator's Signature | 41. Date Report Completed | 42. Investigator No. |
|---|---|---|
| *Therese Powers* | March 26, 2024 | |

PS Form **2430**, June 2011

UNITED STATES POSTAL SERVICE
EQUAL EMPLOYMENT OPPORTUNITY

| | |
|---|---|
| PRINCESS MYERS<br>521 Chalmette Street<br>Harvey LA  70058-4427 | )<br>)<br>)<br>) |
| Complainant | )<br>) |
| v | )<br>) Case No. 1C-731-0359-23<br>) |
| LOUIS DEJOY<br>Postmaster General<br>US Postal Service<br>Eastern Processing Area | )<br>)<br>) Date Formal Filed:  October 19, 2023<br>)<br>) |
| Agency | ) |

## INVESTIGATIVE REPORT

This investigative report was prepared by the undersigned and submitted to the Agency on this 26th day of March, 2024.

*Therese Powers*

Therese Powers
EEO Complaints Investigator
PO Box 30192
Savannah GA 31410-0192

### NOTICE OF RESTRICTED USAGE

Access to, and usage of, this EEO complaint file is **RESTRICTED** by both the Freedom of Information Act and the Privacy Act to:  (1) the Complainant (and his or her representative) and (2) Government officials who must have access to the files to discharge their OFFICIAL duties.  The file and its contents must be safeguarded.  Willful violations of these requirements are subject to criminal penalties (5 U.S.C. 552a(i)).

PRINCESS MYERS                                          AGENCY NO: 1C-731-0359-23

# INDEX AND CONTENTS

**CONTENTS**                                          **PAGE #**

Index of File                                          2

List of Affidavits                                     2 - 4

List of Exhibits                                       5 - 6

Investigative Summary                                  7 - 24

## AFFIDAVITS:

A.  Princess Myers                      Mail Handler Equipment Operator/M-05
    Complainant                         U. S. Postal Service
    Sex (Female)                        New Orleans LA P&DC
    Retaliation (Prior EEO activity)    701 Loyola Avenue
    Disability (Anxiety)                New Orleans LA  70113-9998


B.  Michael Phillips*                   Manager, Distribution Operations/EAS-21
    Witness                             U. S. Postal Service
                                        New Orleans LA P&DC
                                        701 Loyola Avenue
                                        New Orleans LA  70113-9998


C.  Shequel Clark                       Supervisor, Distribution Operations/EAS-17
    Witness                             U.S. Postal Service
    Sex (Female)                        North Houston TX P&DC
                                        4600 Aldine Bender Road
                                        North Houston TX  77015-9998


D.  Valtreana J. Griffin                Supervisor, Distribution Operations (FORMER)
    Witness                             U.S. Postal Service
                                        New Orleans LA P&DC
                                        701 Loyola Avenue
                                        New Orleans LA  70113-9998


E.  Veronica Scott*                     Supervisor, Distribution Operations/EAS-17
    Witness                             U.S. Postal Service
                                        Saint Rose Annex
                                        11724 River Road
                                        St. Rose LA  70087-9998

PRINCESS MYERS                                              AGENCY NO: 1C-731-0359-23

| | | |
|---|---|---|
| F. | Sharon D. Walker<br>Witness<br>Sex (Female) | Supervisor, Maintenance Operations/EAS-17<br>U. S. Postal Service<br>New Orleans LA P&DC<br>701 Loyola Avenue<br>New Orleans LA  70113-9998 |
| G. | Tyra Causey*<br>Witness | General Clerk/P-06<br>U. S. Postal Service<br>New Orleans LA P&DC<br>701 Loyola Avenue<br>New Orleans LA  70113-9998 |
| H. | Antonio Sterling*<br>Witness | Mail Processing Clerk/P-06<br>U. S. Postal Service<br>New Orleans LA P&DC<br>701 Loyola Avenue<br>New Orleans LA  70113-9998 |
| I. | Sybil Montrell*<br>Witness | Mail Handler Equipment Operator/P-05<br>U. S. Postal Service<br>New Orleans LA P&DC<br>701 Loyola Avenue<br>New Orleans LA  70113-9998 |
| J. | Bryson Young*<br>Witness | Mail Handler/M-04<br>U. S. Postal Service<br>New Orleans LA P&DC<br>701 Loyola Avenue<br>New Orleans LA  70113-9998 |
| K. | Dietris Smith*<br>Witness | Supervisor, Distribution Operations/EAS-17<br>U.S. Postal Service<br>New Orleans LA P&DC<br>701 Loyola Avenue<br>New Orleans LA  70113-9998 |

## Attachments to Affidavit A

| Document | Page(s) |
|---|---|
| *Privacy Act Authorization and Waiver* | 41 |

PRINCESS MYERS                                            AGENCY NO: 1C-731-0359-23

**\* Michael Phillips did not provide an affidavit for this investigation.  See Investigator's Note on page 7.**

**\* Veronica Scott did not provide an affidavit for this investigation.  See Investigator's Note on page 7.**

**\* Tyra Causey did not provide an affidavit for this investigation.  See Investigator's Note on page 7.**

**\* Antonio Sterling did not provide an affidavit for this investigation.  See Investigator's Note on page 7.**

**\* Sybil Montrell did not provide an affidavit for this investigation.  See Investigator's Note on page 7.**

**\* Bryson Young did not provide an affidavit for this investigation.  See Investigator's Note on page 8.**

**\* Dietris Smith did not provide an affidavit for this investigation.  See Investigator's Note on page 8.**

PRINCESS MYERS                                          AGENCY NO: 1C-731-0359-23

## EXHIBITS

**DOCUMENT**                                          **# OF PAGES**

1.    PS Form 50, *Notification of Personnel Action,* for          1
      Complainant, dated October 7, 2023

2.    iComplaints History Report for Complainant              1

3.    Standard Position Description and Qualification Standards    2
      for Mail Handler Equipment Operator position/M-05

4.    Office of Inspector General's investigative report based on    48
      Complainant's allegations of sexual harassment

5.    Step II Settlement of NPMHU Grievance # 1C-19M – 1CD          2
      23418962 filed on behalf of Complainant

6.    TACS Employee Everything Report for Complainant for Pay      35
      Periods 2023-15-2 through 2024-06-2 (July 7, 2023 –
      March 8, 2024)

7.    PS Form 50, *Notification of Personnel Action,* dated       4
      November 18, 2023, and iComplaints History Report for
      identified comparator Brianne Jessie; and PS Form 50,
      *Notification of Personnel Action,* dated December 2, 2023,
      and iComplaints History Report for identified comparator
      Dietris Smith

8.    Postal Service Equal Employment Opportunity Policy          1
      Statement, dated May 1, 2023

9.    USPS Diversity and Inclusion Statement                 1

10.   Applicable cite(s) from the Employee and Labor Relations     6
      Manual (ELM 54), September 2023

11.   Applicable cite(s) from the National Agreement between the    6
      U S Postal Service and the National Postal Mail Handlers
      Union 2022 - 2025

12.   U.S. Postal Service Policy on Workplace Harassment,         2
      dated May 1, 2023

13.  Applicable cite(s) from Publication 552, <u>Manager's Guide to Understanding, Investigating, and Preventing Harassment,</u> November 2018                                                                                6

14.  Applicable cite(s) from Publication 553, <u>Employee's Guide to Understanding, Preventing, and Reporting Harassment,</u> November 2018                                                                                13

15.  Poster 159, <u>Workplace Harassment - Know your Rights! Take Responsibility!</u>, November 2018                                                            1

16.  <u>Poster 128</u>                                                                        1

17.  <u>Joint Statement on Violence and Behavior in the Workplace</u>, dated February 14, 1992                                                         1

PRINCESS MYERS                                        AGENCY NO: 1C-731-0359-23

## <u>INVESTIGATIVE SUMMARY</u>

<u>Statement of Claims and Issues to be Investigated:</u>  Complainant alleged discriminatory sexual harassment based on Sex (Female); Retaliation (Prior activity/reporting sexual harassment); and Mental Disability (Anxiety) when:  (1) on an unspecified date, Manager Phillips blew a kiss at her in front of her co-workers; (2) on multiple unspecified dates, Manager Phillips asked her out on a date; (3) on November 23, 2022, Manager Phillips attempted to hug her; (4) on November 23, 2022, Manager Phillips called her a tall glass of water and gave her a tight hug; (5) in December 2022, Manager Phillips asked her to have his baby; (6) on July 13, 2023, she was required to give her tow motor equipment to another employee with less seniority; (7) on July 13, 2023, management made inappropriate comments; and (8) on July 13, 2023, she was sent home and not paid for the day**.**

To resolve this complaint, Complainant requested that she receive back pay for July 13, 2023, as well as for the month and a half for which she has not been paid, that she be compensated for the days she missed work as a result of being sexually harassed, and that she be awarded compensation of an unspecified amount for her pain and suffering resulting from a year of sexual harassment.

**[INVESTIGATOR'S NOTE:  Michael Phillips was asked to provide an affidavit  on January 16, and 23, 2024 but failed to do so.  The request was sent via email message and was delivered on January 23, 2024.  A copy of the request can be found behind Tab B.]**

**[INVESTIGATOR'S NOTE:  Veronica Scott was asked to provide an affidavit on January 17 and 24, 2024 but failed to do so.  The request was sent via email message and was delivered on January 24, 2024.  A copy of the request can be found behind Tab E.]**

**[INVESTIGATOR'S NOTE:  Tyra Causey was asked to provide an affidavit on February 7, 2024 but failed to do so.  The request was sent via Priority Mail/Tracking # 9505 5123 3386 4039 0961 77 and was delivered on February 14, 2024.  A copy of the request can be found behind Tab G.]**

**[INVESTIGATOR'S NOTE:  Antonio Sterling was asked to provide an affidavit  on February 7, 2024 but failed to do so.  The request was sent via Priority Mail/Tracking # 9505 5123 3386 4039 0961 91 and was delivered on February 14, 2024.  A copy of the request can be found behind Tab H.]**

**[INVESTIGATOR'S NOTE:  Sybil Montrell was asked to provide an affidavit on February 7, 2024 but failed to do so.  The request was sent via Priority Mail/Tracking # 9505 5123 3386 4039 0962 14 and was delivered on February 14, 2024.  A copy of the request can be found behind Tab I.]**

**[INVESTIGATOR'S NOTE:  Bryson Young was asked to provide an affidavit on February 7, 2024 but failed to do so.  The request was sent via Priority Mail/Tracking # 9505 5123 3386 4039 0962 38 and was delivered on February 14, 2024.  A copy of the request can be found behind Tab J.]**

**[INVESTIGATOR'S NOTE:  Dietris Smith was asked to provide an affidavit on January 23 and February 1, 2024 but failed to do so.  The request was sent via email message and was delivered on February 1, 2024.  A copy of the request can be found behind Tab K.]**

**AFFIDAVIT TESTIMONY (Sex Allegation)**

**Complainant** testified that she is Female.  She stated that the management official cited in this complaint was aware of her sex, having become aware when they were first introduced – she did not indicate the date that took place. **[Affidavit A]**

**Shequel Clark** testified that she is Female.  She stated that she believes the Complainant to be Female; however, when asked when she became aware, she responded, "She never told me anything".  **[Affidavit C]**

**Sharon D. Walker** testified that she is Female.  She stated that she believes the Complainant to be Female, having become aware of the Complainant's sex when she first met her – she did not indicate the date that took place.  **[Affidavit F]**

**AFFIDAVIT TESTIMONY (Retaliation Allegation)**

**Complainant** testified that she reported allegations of sexual harassment to Shaquelle Clark, Valtrina Griffin, Veronica Scott, and Bryson Young -- an Acting Supervisor, as well as several union officials.  She did not provide the dates or the means by which she provided that notification.   When asked if these management officials were involved in her prior EEO activity, she responded that Ms. Griffin, Mr. Young, and Sharon Walker have all witnessed Mr. Phillips refer to her as "tall drink of water", rather than address her by her name and make sexual gestures towards her.  She stated that Mr. Phillips never attempted to hide his behavior from other management officials or the Complainant's co-workers. **[Affidavit A]**

**Shequel Clark** testified that she was not involved in any of the Complainant's allegations of sexual harassment.  She stated that she was not aware of the Complainant being involved in EEO activity prior to her current complaint, as she left the facility in March.  She added that she does not know her personal involvement in the Complainant's current case.  **[Affidavit C]**

**Sharon Walker** testified that she was not involved in any of the Complainant's allegations of sexual harassment.  She stated that she was not aware of the Complainant being involved in EEO activity prior to her current complaint.  She added that she has no personal involvement in the Complainant's current case. **[Affidavit F]**

### AFFIDAVIT TESTIMONY (Disability Allegation)

**Complainant,** when asked to identify her medical condition during the time frame of this complaint, testified that she struggled with anxiety, but was not taking any medication.  She did not respond when asked when a physician first diagnosed her with the condition, and responded, "N/A" when asked how long her physician expects her to have her condition.  She stated that she did not make any management officials aware of her medical condition because nothing in that building is confidential.

She further testified that, on a daily basis, she was required to dispatch low cost mail and flats to the dock.  She stated that she was able to perform these duties until Mr. Phillips would interfere and make her uncomfortable with his catcalling. When asked what duties she could not perform, she responded that, if Mr. Phillips was on the dock by himself, she would avoid the area because he would make inappropriate comments to her when they were alone. She added that she had no work restrictions as a result of her medical condition.  She did not respond when asked if she requested reasonable accommodation.  She further stated that, as a result of her condition, she suffers from anxiety, social anxiety, and Obsessive Compulsive Disorder (OCD) in her personal life.  **[Affidavit A]**

**Shequel Clark** testified that she is not aware of the Complainant suffering from any medical condition or impairment.  She stated that she has not received any medical documentation in reference to the Complainant's medical condition. When asked to describe the specific duties the Complainant is required to perform at work, she responded, "She was a level 5 Motor".  She added that she does not know if the Complainant's medical condition affected her ability to perform her work assignment.  She further stated that the Complainant did not request reasonable accommodation from her.  **[Affidavit C]**

**Sharon Walker** testified that she is not aware of the Complainant suffering from any medical conditions or impairments.  She stated that she has not received any medical documentation in reference to the Complainant's medical condition. When asked to describe the specific duties the Complainant is required to perform while at work, to state if the Complainant had work limitations, and if her medical conditions affected her ability to perform her work assignment, she responded, "N/A".   She did not respond when asked if the Complainant requested reasonable accommodation.  **[Affidavit F]**

## CLAIM #1:  MANAGER BLEW KISS AT HER

**AFFIDAVIT TESTIMONY (Sex Allegation)**

**Complainant, Mail Handler Equipment Operator at the New Orleans P&DC in New Orleans,** testified that she held that position during the time frame of this complaint.  She stated that Michael Phillips is the management official who blew a kiss at her in front of her co-workers.  When asked to provide the date this occurred, she responded, "N/A".  She added that, as she drove a piece of equipment past him on the loading dock, he blew her a kiss.  She further stated that his actions were witnessed by Tara Causey, who told her to submit a written statement.  She added that she told him that his actions on this date were unprofessional and/or harassing and that he was going too far; but he responded that she knew she was "his baby" and "his tall glass of water".  She further stated that she was harmed by management's actions because she was embarrassed because Mr. Phillips put her in the spotlight in front of all of her co-workers.  She added that being alone with him made her very anxious, as she felt he was very inappropriate and creepy – undressing her with his eyes.

She further testified that she believes her sex was a factor in management's actions and decisions in this matter because Mr. Phillips asking to have his baby (specifically a daughter) was something only a woman could give him.  She stated that she feels management acted in violation of Postal regulations prohibiting harassment, sexual harassment, discrimination, and retaliation in this matter.  She added that she filed a grievance on this issue; but when asked to indicate its current status and to provide a copy, she responded, "Union has it".  **[Affidavit A]**

**AFFIDAVIT TESTIMONY (Retaliation Allegation)**

**Complainant** testified that she believes management's actions and decisions in this matter were based upon retaliation for her reporting sexual harassment because after she reported Mr. Phillips' actions, he took her equipment from her, and assigned it to a non-career employee.  She stated that half of the employees who submitted statements about him were put out of the building, while the other half were moved to another plant – this included Veronica Scott, the supervisor to whom she initially reported the harassment.  **[Affidavit A]**

**AFFIDAVIT TESTIMONY (Disability Allegation)**

**Complainant** did not respond when asked why she believes her medical condition was a factor in management's actions and decisions in this matter.  **[Affidavit A]**

## CLAIM #2:  MANAGER ASKED HER OUT ON A DATE

### AFFIDAVIT TESTIMONY (Sex Allegation)

**Complainant** testified that Michael Phillips is the management official who asked her out on a date – doing so every day they worked together.  She stated that he asked her out in multiple locations and flirted with her all night/every night.  She added that, each time, she ignored him – once, he persisted, saying, "Why, every time I ask you out, you ignore me and change the subject" to which she replied, "That means stop asking", and drove off.  She further stated that there were no witnesses to these actions because, as an equipment operator, she works alone.

She further testified that, on each occurrence, she notified Mr. Phillips that she found his actions to be unprofessional and/or harassing, but he is the Lead Manager, Distribution Operations – both Sharon Walker and Veronica Scott told her he was untouchable.  She stated that, in response, he would tell her that he would continue his behavior – he wouldn't take no for an answer and just tried harder.   She added that she also reported his behavior to her union representative who told her to continue to submit written statements.

Complainant further testified that she was harmed by management's actions because she became mentally drained and began to miss work because she hated seeing him.   She stated that she believes her sex was a factor in management's actions because she is a woman – her senior manager -- a man -- told her how fine she was and asked her on a date on countless occasions.  She added that she feels management acted in violation of Postal regulations prohibiting harassment, sexual harassment, and retaliation in this matter.   She further stated that she filed a grievance on this issue; but, when asked to indicate its current status and provide a copy of the grievance file, she responded, "Union has all grievance copies".  **[Affidavit A]**

### AFFIDAVIT TESTIMONY (Retaliation Allegation)

**Complainant** testified that she believes management's actions and decisions in this matter were based upon retaliation for her reporting sexual harassment because, 2 weeks after she submitted her written statement to Veronica Scott as instructed, Mr. Phillips put her out of the building.  **[Affidavit A]**

### AFFIDAVIT TESTIMONY (Disability Allegation)

**Complainant** did not respond when asked why she believes her medical condition was a factor in management's actions and decision s in this matter. **[Affidavit A]**

## CLAIM #3:  MANAGER ATTEMPTED TO HUG HER

## CLAIM #4:  MANAGER CALLED HER A TALL GLASS OF WATER AND GAVE HER A TIGHT HUG

**[INVESTIGATOR'S NOTE:  Per Complainant's testimony, Claim #'s 3 and 4 address the same issue, so testimony for those claims will be combined.]**

### AFFIDAVIT TESTIMONY (Sex Allegation)

**Complainant** testified that Michael Phillips is the management official who hugged her on November 23, 2022.  She stated that she was returning to work after recovering from surgery and was instructed to submit her return to work documentation to Mr. Phillips.  She added that, when she went to his office to do so, he hugged her so tight it hurt her breastbone; and he told her how much he missed her.  She further stated that she pushed him off her and told him she found his actions to be unprofessional and/or harassing, and he responded that she was his baby and he thought she wasn't coming back.  She added that she did not report this incident to any other management official, further stating that Mr. Phillips feels he is untouchable and above the law, as he is best friends with the Plant Manager.  She added that there were no witnesses to this action, as it took place in his office.

She further testified that she was harmed by management's actions because, when your manager makes you extremely uncomfortable, it becomes a struggle to go to work.  She stated that she could not deal with the situation, and it affected her attendance.  She added that she believes her sex was a factor in management's actions because she is a woman, and Mr. Phillips is a man who directed sexual slurs to her every night.  She further stated that she feels management acted in violation of Postal regulations prohibiting harassment, sexual harassment, and retaliation in this matter.  She added that she did not file a grievance on the issue.  **[Affidavit A]**

### AFFIDAVIT TESTIMONY (Retaliation Allegation)

**Complainant** testified that she believes management's actions and decisions in this matter were based on retaliation for her reporting sexual harassment because Mr. Phillips got tired of her rejecting him.  She stated that he always told her that he could take care of her, as he is a powerful man.  **[Affidavit A]**

## AFFIDAVIT TESTIMONY (Disability Allegation)

Complainant, when asked why she believes her medical condition was a factor in management's actions and decisions in this matter, responded, "N/A".  **[Affidavit A]**

## CLAIM #5:  MANAGER ASKED HER TO HAVE HIS BABY

## AFFIDAVIT TESTIMONY (Sex Allegation)

**Complainant** testified that Michael Phillips is the management official how asked her to have his baby.  When asked to state the date the incident occurred, she responded, "N/A".  She did not respond when asked to describe the circumstances which led to the incident.  When asked to provide her response, she stated that, at that point she was completely creeped out and began "catching an attitude" with Mr. Phillips.  She added that she has worked with plenty of men and has never felt so uncomfortable.

She further testified that Mr. Phillips' comment was overheard by Antonio Sterling, who had begun working in her immediate area, adding that Mr. Sterling commented, "Princess, he is basically saying he wants to sleep with you – that's not OK".  She stated that, on the date of the incident, she notified Mr. Phillips that she found his behavior to be unprofessional and/or harassing, as she was starting to get aggravated because he had been asking her to have his daughter all week.  She added that, in response, he laughed and told her that he wanted the baby to have her eyes.

Complainant further testified that she did not report the incident to any other management official, as she felt it was a waste of energy at that point.  She stated that she was harmed by management's actions because it affected her ability to come to work, as the situation was too much for her to handle mentally.  She added that she believes her sex was a factor in management's actions and decisions in this matter because she is a woman.  She further stated that she feels management acted in violation of Postal regulations prohibiting sexual harassment in this matter.  She added that she did not file a grievance on the issue.  **[Affidavit A]**

## AFFIDAVIT TESTIMONY (Retaliation Allegation)

**Complainant**, when asked why she believes that management's actions and decisions in this matter were based on retaliation for her reporting sexual harassment, responded, "N/A".  **[Affidavit A]**

**AFFIDAVIT TESTIMONY (Disability Allegation)**

**Complainant**, when asked why she believes her medical condition was a factor in management's actions and decisions in this matter, responded, "N/A". **[Affidavit A]**

**CLAIM #6:  REQUIRED TO GIVE HER EQUIPMENT TO CO-WORKER WITH LESS SENIORITY**

**CLAIM #7:  MANAGEMENT MADE INAPPROPRIATE COMMENTS**

**CLAIM #8:  PUT OUT OF THE BUILDING**

**[INVESTIGATOR'S NOTE:  Claim #'s 6, 7, and 8 address the same incident, so testimony for those claims will be combined.]**

**AFFIDAVIT TESTIMONY (Sex Allegation)**

**Complainant** testified that Michael Phillips is the management official who required her to give her tow motor equipment to another employee with less seniority on July 13, 2023.  She stated that Sharon Walker and Ditrius, an Acting Supervisor, were also involved, but she did not describe their involvement.  She added that, on the date in question, she reported 2 hours late after having an accident at home.  She further stated that, when she arrived, there was no available equipment because it had been assigned to a non-career employee.

She further testified that Mr. Phillips notified Ms. Walker that the equipment could not be taken from the other employee, since the Complainant was late; and it was the only equipment he was licensed to operate – which is not true, as he is licensed to operate all equipment.  She stated that management provided her with the reason for taking the equipment from her, as Mr. Phillips stated that he did not care that the Complainant is a Level 5 Mail Handler – she came to work late, and she was to return the equipment to the other employee.  She added that she could not ask Mr. Phillips personally about his reasons for putting her out of the building because she was out of the building.  She added that she did not dispute management's reasons for taking the equipment from her – she got off the equipment and went to see her union steward, presenting her dispute to them.  She further stated that her dispute was not taken into consideration, since she still has not been paid for the hours she worked that night.

Complainant further testified that she complied with management's instructions, and Mr. Phillips told her to "take her ass back downstairs and look for some equipment" or to "get her ass out of his building".  She stated that there was no available equipment – that is the reason the other employee had to come to her area.  She added that Mr. Phillips put her out, and further stated that Sharon

Walker asked to her please leave, as Mr. Phillips was contacting the Postal Police.

She further testified that as Mr. Phillips was putting her out of the building after taking her equipment, he stated that she would be working at the Burger King, adding that he couldn't take care of her, so she was going to need "them Niggas" to do it. She stated that he told her he hoped she had a car note and bills so she could lose everything. She added that she responded that she could take care of herself and notified him that she would be filing an EEO complaint as a result of his harassment/sexual harassment. She further stated that Mr. Phillips' comments were witnessed by Ditrius and Sybil Montrell, her union steward.

Complainant further testified that she began working at approximately 12:40AM on the date in question, and Mr. Phillips put her out of the building at about 3:45AM. She stated that she was charged Leave Without Pay for the remainder of her workday. When asked to provide the date and time she returned to duty, she responded, "I'm still on Emergency Placement. They are now paying me Admin Leave, but still owe me for the day I was put out and a month and a half after that". She added that she did not notify Mr. Phillips that she found his actions on this date to be unprofessional and/or harassing. When asked if she reported his actions to any other management official, she responded, "N/A".

She further testified that she was harmed by management's actions because Mr. Phillips instructed her supervisors not to input her time, and she was not paid for her time that night – she was placed on Emergency Suspension. She stated that, as a result, her car was repossessed and she got behind paying her bills – this is what she was afraid of – reporting his behavior cost her her livelihood. She added that she believes her sex was a factor in management's actions because all EEO cases filed against Mr. Phillips involve women – he does not handle male employees in the same manner as he handles female employees, treating them like trash – a supervisor retired because of him. She added that she feels management acted in violation of Postal regulations prohibiting sexual harassment, harassment, and retaliation in this matter. She further stated that she filed a grievance on the issue; but when asked to indicate its current status and to provide a copy of the grievance file, she responded, "Union has grievance". **[Affidavit A]**

**Sharon D. Walker**, Supervisor, Maintenance Operations at the New Orleans LA P&DC, testified, that, during the time frame of this complaint, she served in the same facility as Supervisor, Distribution Operations on Tour 1 and as the Complainant's immediate supervisor. She stated that the Complainant's allegations are correct until her alleged confrontation with Mr. Phillips – she was not present at that time. She added that no other management officials were involved in this matter.

She further testified that she provided the Complainant with the reason for her actions – she was instructed to return the piece of equipment to the person who had it first.  She stated that the Complainant disputed her reason, saying that is not how it went; but her dispute was not taken into consideration.  She added that she instructed her to speak with her union representative about it.  When asked to list the Complainant's Begin Tour and End Tour for the date in question, as well as the type of leave she was charged for the remainder of the day, she responded, "N/A".

Ms. Walker further testified that she does not know if the Complainant was placed on Emergency Placement as she did not stay upstairs with the Complainant, so she does not know what happened.  When asked if the Complainant ever returned to work, as well as the date, time and location to which she reported, she responded, "N/A".  She further testified that the Complainant's sex was not a factor in her actions or decisions in this matter.  When asked if she relied upon the provisions of any Postal rule or regulation in this matter and if the Complainant filed a grievance on the issue, she responded, "N/A".  **[Affidavit F]**

**AFFIDAVIT TESTIMONY (Retaliation Allegation)**

**Complainant** testified that she believes management's actions and decisions in this matter were based on retaliation for her reporting sexual harassment because, after Ms. Scott forwarded the Complainant's statement to Human Resources, Mr. Phillips did not speak with her; and, for the first time, began calling her by her real name. She stated that everyone who submitted statements to Veronica Scott was retaliated against – most of them are fighting for their jobs or have been move to a different facility, including Ms. Scott.  She added that for management not to pay her for time she worked is a serious violation.  She further stated that, while the union is fighting for her, no one should have to fight to get paid for time they worked – this was personal for Mr. Phillips.  **[Affidavit A]**

**Sharon Walker**, when asked if her actions and decisions in this matter were based upon retaliation for the Complainant's participation in EEO activity (to include reporting sexual harassment), testified that she did not know about it. **[Affidavit F]**

**AFFIDAVIT TESTIMONY (Disability Allegation)**

**Complainant**, when asked why she believes her medical condition was a factor in management's actions, responded, "N/A".  **[Affidavit A]**

**Sharon Walker**, when asked if the Complainant's medical condition was a factor in her actions or decisions in this matter, responded, "N/A".  **[Affidavit F]**

**AFFIDAVIT TESTIMONY (Harassment Allegation)**

**Complainant** testified that, other than as previously addressed, she notified Michael Phillips that she found his behavior unacceptable, unwelcome, and/or offensive and that it must cease on July 13, 2023, when she notified him that him taking her equipment was a violation of the Mail Handlers' contract.  She stated that, in response, he said he could do whatever he wanted because it's his building.  She added that she also notified Sharon Walker and her union steward on the same date that Mr. Phillips was harassing her and retaliating against her because she had submitted a statement concerning his behavior.  She further stated that Ms. Walker told her to leave the building because she did not want to see her get escorted out by the Postal Police, and she did not deserve that.

She further testified that she contacted the Postal Inspection Service, who conducted an investigation into her allegations of harassment/hostile work environment; but neither she nor her union have been able to obtain copies of their report of investigation.  She stated that the alleged harassment/hostile work environment has affected her physical and emotional well-being because she is a complete wreck.  She added that she has never had to deal with this type of situation, is stressed and anxious, and is suffering from the financial setback. She further stated that the alleged harassment/hostile work environment has affected her work performance in that this has been the worst year of her working life – she has been miserable and has missed numerous days of work.  She added that, while employed by the Postal Service, she has not received training in harassment/hostile work environment.   She further stated that the USPS HWE/Harassment Policy is displayed in her work area for employees to view.

Complainant  further testified that Mr. Phillips has used his power to control her livelihood, using intimidation tactics and going so far as to remove her from the building for no reason.  She stated that, after giving her verbal notice of her Emergency Placement, he did not provide written notice for a month, even though he is required to do so within 48 hours.  She added that he stated the reason she was placed off the clock is that she threatened him, and attempted to force her supervisors to write statements attesting to that; but they refused and notified her that he had attempted to do so.  She further stated that he is trying to ruin her life.  **[Affidavit A]**

**Shequel Clark**, Supervisor, Distribution Operations at the North Houston TX P&DC in North Houston TX, testified that she served as the Complainant's Manager, Distribution Operations at the New Orleans LA P&DC in New Orleans LA during the time frame of this complaint.  She stated that the Complainant never presented any allegations to her that she was being sexually harassed by Michael Phillips – in fact, when she arrived at the facility, the Complainant and Mr. Phillips spoke all the time.  She added that the Complainant never told her that her actions, or those of anyone else, constituted harassment or a hostile work environment for her.   She further stated that she is aware of the

Complainant bringing her concerns about threatening behavior and/or a hostile work environment to the attention of another management official, but she did identify that management official.  She added that the Complainant told the other employee that if they did not write a statement, she would bring her boyfriend up there and he would kick their ass.

She further testified that she does not know if an investigation was conducted into the Complainant's allegations of harassment.  She stated that, while employed by the Postal Service, she has received training on anti-harassment/hostile work environment, but did not indicate the dates she did so.  She added that the USPS HWE/Harassment Policy is posted in her facility.

Ms. Clark further testified that the Complainant would often go to Mr. Phillips' office to report other employees, and stopped reporting for work in November 2022.  She stated that November 23, 2022 – the date cited by the Complainant for Claim #'s 3 and 4 is not a correct date – she was the Manager, Distribution Operations (MDO) on Tour 1 on that date because Mr. Phillips had already been moved to Tour 3, effective October 1, 2022 and was on scheduled vacation that week;  and the Complainant had already stopped coming to work.

She further testified that she does not understand why the Complainant is making these serious accusations as she stayed in Mr. Phillips' face and "played with him".  She stated that, on one occasion, as she and Mr. Phillips were walking the floor, the Complainant rode up and asked him why he didn't speak with her that day.  She added that the Complainant refused to follow the instructions of any other supervisor, always going to Mr. Phillips and sitting in his office whenever she had a problem with any other supervisor or manager.  She further stated that Mr. Phillips did call the Complainant, "His tall glass of water"; but added that he gave lots of employees nicknames.  **[Affidavit C]**

**Valtreana J. Griffin,** former Supervisor, Distribution Operations at the New Orleans LA P&DC, testified that she retired from the Postal Service in June 2023.  She stated that during the time frame of this complaint, she served as the Complainant's supervisor.  When asked if the Complainant's allegation – that she witnessed Michael Phillips make inappropriate statements to her and call on a "tall glass of water" on multiple occasions – was correct, she responded that she witnessed the Complainant and Mr. Phillips speak to each other abruptly, but she never heard him refer to her as a "tall glass of water".

She further testified that the Complainant made her aware of Mr. Phillips' behavior but never notified her that she felt harassed.  She stated that she witnessed the Complainant and Mr. Phillips have a verbal altercation on the workroom floor, but she does not remember the date it took place.  She added that she has no knowledge of an investigation being conducted into the Complainant's allegations of harassment.

Ms. Griffin further testified that the work environment at the New Orleans P&DC was very hostile – management needed training on how to treat employees, as no dignity or respect was shown to them.  She stated that employees were not properly trained, and unrealistic workloads were placed on employees as a result of poor leadership and communication.  She added that the facility experienced high absenteeism and low morale because employees felt undervalued.  She further stated that the management staff, including Mr. Phillips, managed via harassment – including unchecking bullying.  **[Affidavit D]**

**Sharon Walker** testified that she witnessed Michael Phillips refer to the Complainant as "his tall glass of water", rather than by her name, has seen him make sexual gestures towards her, and has told the Complainant that Mr. Phillips could do what he wanted because it was his building – once.  She stated that after Mr. Phillips made the comment, the Complainant smiled and everyone walked away.  She added that the Complainant had not notified her that she was being sexually harassed by Mr. Phillips – only making that statement on the date of the incident described above.  When asked what action she took in response, and if the Complainant ever told her that her actions or those of anyone else constituted harassment and/or a hostile work environment, she responded, "N/A".

She further testified that she is not aware of the Complainant, or anyone acting on her behalf, bringing to the attention of any other management official concerns about threatening behavior or a hostile work environment.  When asked if an investigation had been conducted into the Complainant's allegations, she responded, "N/A".  She did not respond when asked if she had received training on anti-harassment/hostile work environment while employed by the Postal Service.  She stated that the USPS HWE/Harassment Policy is posted in her facility.  **[Affidavit F]**

**[INVESTIGATOR'S NOTE:  Comparator employees will be discussed in the Comparative Data section of the summary.  See page 21.]**

**RECORD EVIDENCE**

Review of Complainant's PS Form 50, *Notification of Personnel Action*, dated October 7, 2023, reveals Complainant is a Full-Time Mail Handler Equipment Operator, assigned to the New Orleans P&DC in New Orleans LA.  **[Exhibit 1]**

Review of iComplaints History for Complainant reveals her current case is the only EEO claim she has filed.  **[Exhibit 2]**

Position Description for Mail Handler Equipment Operator position describes its functional purpose as operating a jitney, fork-lift, or pallet truck for the movement of mail, and performing other Mail Handler functions as required.  Qualification Standards for the position include the ability to interpret instructions, to

understand and comply with written and verbal instructions, and to work with others. **[Exhibit 3]**

Complainant signed *Privacy Act Authorization and Waiver.* **[Attachment to Affidavit A, page 41.]**

On September 8, 2023, the Office of the Inspector General submitted a written report to the New Orleans LA P&DC Plant Manager based on their investigation into the Complainant's allegations of sexual harassment. **[Exhibit 4]**

On October 17, 2023, USPS Step 2 Management Representative settled NPMHU Grievance # 1C19M 1CD 23418962, agreeing to return the Complainant to duty immediately and to make her whole for the period beginning July 14, 2023. **[Exhibit 5]**

Review of TACS Employee Everything Report for Complainant for the period July 7, 2023 – March 8, 2024 (Pay Periods 2023-15-2 through 2024-06-2) reveals she was paid as follows:

| PAY PERIOD/WEEK | WORKHOURS | OVERTIME | HOLIDAY LEAVE | LWOP | ADMIN LEAVE |
|---|---|---|---|---|---|
| **2023**-15-2* | 8.74 | .74 | 0 | 32 | 0 |
| 16-1 | 0 | 0 | 0 | 40 | 0 |
| 16-2 | 0 | 0 | 0 | 40 | 0 |
| 17-1 | 0 | 0 | 0 | 40 | 0 |
| 17-2 | 0 | 0 | 0 | 40 | 0 |
| 18-1 | 0 | 0 | 0 | 40 | 0 |
| 18-2 | 0 | 0 | 0 | 40 | 0 |
| 19-1** | 0 | 0 | 0 | 8 | 32 |
| 19-2 | 0 | 0 | 8 | 0 | 32 |
| 20-1 | 0 | 0 | 0 | 0 | 40 |
| 20-2 | 0 | 0 | 0 | 0 | 40 |
| 21-1 | 0 | 0 | 0 | 0 | 40 |
| 21-2 | 0 | 0 | 0 | 0 | 40 |
| 22-1 | 0 | 0 | 8 | 0 | 32 |
| 22-2 | 0 | 0 | 0 | 0 | 40 |
| 23-1 | 0 | 0 | 0 | 0 | 40 |
| 23-2 | 0 | 0 | 0 | 0 | 40 |
| 24-1 | 0 | 0 | 0 | 0 | 40 |
| 24-2 | 0 | 0 | 8 | 0 | 32 |
| 25-1 | 0 | 0 | 8 | 0 | 32 |
| 25-2 | 0 | 0 | 0 | 0 | 40 |
| 26-1 | 0 | 0 | 0 | 0 | 40 |
| 26-2 | 0 | 0 | 0 | 0 | 40 |
| **2024**-1-1 | 0 | 0 | 0 | 0 | 40 |

PRINCESS MYERS                                                    AGENCY NO: 1C-731-0359-23

| PAY PERIOD/WEEK | WORKHOURS | OVERTIME | HOLIDAY LEAVE | LWOP | ADMIN LEAVE |
|---|---|---|---|---|---|
| **2024**-1-2 | 0 | 0 | 8 | 0 | 32 |
| 2-1 | 0 | 0 | 8 | 0 | 32 |
| 2-2 | 0 | 0 | 0 | 0 | 40 |
| 3-1 | 0 | 0 | 8 | 0 | 32 |
| 3-2 | 0 | 0 | 0 | 0 | 40 |
| 4-1 | 0 | 0 | 0 | 0 | 40 |
| 4-2 | 0 | 0 | 0 | 0 | 40 |
| 5-1 | 0 | 0 | 0 | 0 | 40 |
| 5-2 | 0 | 0 | 8 | 0 | 32 |

\*  Complainant last worked on July 10, 2023.

\*\*  Complainant was charged Administrative Leave, beginning August 28, 2023.

**[Exhibit 6]**

Review of PS Form 50, *Notification of Personnel Action,* dated November 18, 2023, for identified comparator Brianne Jessie reveals she is a Full-Time Mail Handler, assigned to the New Orleans LA P&DC in New Orleans LA. Review of her iComplaints History Report reveals she has not participated in EEO activity. Review of PS Form 50, *Notification of Personnel Action,* dated December 2, 2023, for identified comparator Dietris Smith reveals he was promoted to the position of Supervisor, Distribution Operations in the New Orleans LA P&DC in New Orleans LA, effective that date.  Review of his iComplaints History Report reveals he has not participated in EEO activity.  **[Exhibit 7]**

**COMPARATIVE DATA**

**CLAIM #6:  REQUIRED TO GIVE HER EQUIPMENT TO CO-WORKER WITH LESS SENIORITY**

**CLAIM #7:  MANAGEMENT MADE INAPPROPRIATE REMARKS**

**CLAIM #8:  PUT OUT OF THE BUILDING**

**INVESTIGATOR'S NOTE:  Claim #'s 6, 7, and 8 address the same incident, so testimony for those claims will be combined.]**

**Complainant** testified that Brianne Jessie and Karione S were treated the same as she was by the same management official within the past 2 years, in that they were required to give their equipment to co-workers with less seniority.  She stated that both of them are Level 5 drivers and both are Female.  She added that she has no knowledge of either of them participating in EEO activity nor is she aware of them suffering from medical conditions.  She further stated that she believes they were treated the same as she was based on retaliation.  She

added that Mr. Phillips is notorious for retaliating, so people stay out of his way. She further stated that he has had many employees removed from the building, saying that it is his Plant.

She further testified that Chamara, a Female Mail Handler was treated more favorably than she was, in that she leaves her station and sleeps in her car for hours; but nothing has been done to her, even after it was reported to Mr. Phillips. She stated that Mr. Phillips has said that Chamara is the only driver who does not have to bring mail in from the dock. She added that she has no knowledge of Chamara participating in EEO activity or suffering from any medical condition or impairment.

Complainant further testified that Demetrius, a Female Mail Hander, was treated more favorably than she was by the same management official under similar circumstances, in that she leaves her section and goes missing for hours; but nothing was done, even though her absences were reported to management on numerous occasions. She stated that she has no knowledge of Demetrious participating in EEO activity or suffering from any medical condition or impairment.

She further testified that she knows of no other employee who was treated more favorably than she was by the same management official under similar circumstances. **[Affidavit A]**

**Sharon Walker** did not respond to any questions concerning identified comparators or any other comparison employees for these claims. **[Affidavit F]**

**APPLICABLE POLICIES**

**Postal Service Equal Employment Opportunity Policy Statement dated May 1, 2023 [Exhibit 8]**

**U S Postal Service Diversity and Inclusion Statement [Exhibit 9]**

**Employee and Labor Relations Manual, (ELM 54), September 2023** in relevant part**:**

Section 665 Postal Service Standards of Conduct – Section 665.1 General Expectations – Sections 665.11 Loyalty, 665.13 Discharge of Duties, 665.14 Reporting Violations, and 665.16 Behavior and Personal Habits; and Section 665.2 Prohibited Conduct - Sections 665.23 Discrimination and 665.24 Violent and/or Threatening Behavior; and Section 666 Prohibited Personnel Practices - Section 666.1 Restrictions - Section 666.12 Prohibited Discrimination **[Exhibit 10]**

**National Agreement between the US Postal Service and the National Postal Mail Handlers Union, 2022 - 2025** in relevant part:

Article 2 Non-Discrimination and Civil Rights; Article 3 Management Rights; and Article 16 Discipline Procedure – Section 16.7 Emergency Procedure  **[Exhibit 11]**

**Postal Service Policy on Workplace Harassment dated May 1, 2023  [Exhibit 121]**

**Publication 552 - Manager's Guide to Understanding, Investigating, and Preventing Harassment, November 2018** in relevant part  **[Exhibit 13]**

**Publication 553 - Employee's Guide to Understanding, Preventing, and Reporting Harassment, November 2018** in relevant part  **[Exhibit 14]**

**Poster 159, Workplace Harassment - Know your Rights!  Take Responsibility!, November 2018  [Exhibit 15]**

**Poster 128  [Exhibit 16]**

**Joint Statement on Violence and Behavior in the Workplace dated February 14, 1992  [Exhibit 17]**

**COMPENSATORY DAMAGES**

**AFFIDAVIT TESTIMONY (Compensatory Damages)**

**Complainant** testified that she experienced financial difficulties as a result of the discriminatory acts alleged in her complaint.  She stated that her car was repossessed, she got behind on her bills, and she had to continuously borrow money.  She added that she is still trying to recover financially.

She further testified that she experienced medical problems because of the discriminatory acts alleged in her complaint, in that her anxiety worsened and she started falling into depression because she could not pay her bills.  She stated that she couldn't sleep and gained weight as a result of stress-eating.

Complainant further testified that she obtained psychiatric treatment because of the discriminatory acts alleged in her complaint, and continues to undergo treatment.

She further testified that she takes 150 mg of Venlafaxine as a result of the discriminatory acts alleged in her complaint.

Complainant further testified that none of the difficulties she cited existed prior to the acts of discrimination alleged in her complaint.

She further testified that her gas is shut off, her mortgage, car note, insurance and life insurance have been canceled and she cannot use any money from her life insurance.  **[Affidavit A]**

**RECORD EVIDENCE (Compensatory Damages)**

**[INVESTIGATOR'S NOTE:  No documents or other evidence was presented or discovered regarding the Complainant's entitlement to Compensatory Damages.]**